## MENDOZA v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   May 11, 1900.)

1. **STREET RAILROADS—TRANSFER OF PASSENGERS—ACTION—COMPLAINT.**

Under Laws 1890, c. 565, § 101, providing that no corporation operating a street surface railroad under that chapter or chapter 252 of the Laws of 1884, shall charge more than five cents for one continuous ride from any point on its road, or on any line or branch operated by it or under its control, to any other point thereof, a complaint in an action by a passenger on a surface railroad line against the company for its refusal to transfer him from one of its lines to a connecting line, which does not allege that the company was organized under the provisions of Laws 1890, c. 565, or Laws 1884, c. 252, is demurrable.

2. **SAME.**

Under Laws 1890, c. 565, §§ 103–105, providing that street surface railroads may contract for the use of any other company's road, and providing that every such corporation entering into such a contract shall carry passengers between any two points on the railroads embraced in such contract for a single fare, a company leasing another connecting company's road, and operating it, is not bound to transfer a passenger riding from a point on the defendant company's original line to a point on the leased line where it intersects a line subsequently leased by defendant, to the line so subsequently leased, since the three roads are not united by one contract.

On rehearing.   Reversed.

For former opinion, see 62 N. Y. Supp. 580.

Reargued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, and INGRAHAM, JJ.

RUMSEY, J.   The plaintiff alleges that at the times mentioned in the complaint the defendant was a domestic corporation owning, leasing, and operating various lines of street surface railroads in the borough of Manhattan, and the city, county, and state of New York; that on the 19th of March, 1898, the defendant leased a portion of the Second Avenue Railroad from a point below 63d street to and beyond 116th street, and operated a street surface railroad over that route; that later, to wit, the 27th of September, 1898, the defendant owned or leased and operated a street surface railroad, known as the "Manhattan Branch," from 116th street and Manhattan avenue to 109th street and Columbus avenue, in the city of New York and borough of Manhattan; and that that branch crossed the line of the Second Avenue Railroad at 116th street.   It alleges that on the latter day the defendant also owned or leased and operated, as a surface railroad, one known as the "Columbus Avenue Branch," from the corner of 50th street and 7th avenue to the intersection of 110th street and Columbus avenue, connecting with and intersecting the route of the Manhattan Branch at 109th street and Columbus avenue.   The complaint then contains an allegation that the defendant was subject to and bound by the provision of section 104 of the railroad law.   It then states that on the 27th of September, 1898, the plaintiff became a passenger on the defendant's car on the Second Avenue Line, and paid five cents fare; that he rode on that car to 116th street and 2d avenue, where he was transferred to a car on the Manhattan Avenue Branch, on which he rode

to Columbus avenue and 109th street; that at that point he desired to be transferred to the Columbus Avenue Line, but that the defendant refused to give him a transfer, or to permit him to ride without the payment of an additional fare. The defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled at the special term, and an interlocutory judgment entered for the plaintiff.

At the February term of this year the case was upon the calendar, and the judgment was reversed, but afterwards, upon the respondent's motion, a reargument was ordered. The respondent claims that he is entitled to maintain this action under section 101 of the railroad law (Laws 1890, c. 565); but that section applies only to a corporation constructing or operating a railroad under the provisions of the railroad law, or under chapter 252 of the Laws of 1884, and there is no allegation in the complaint that this defendant has constructed or is operating a road under either of those statutes. It is well known that several of the railroad companies in the city of New York have built and are operating their roads under special charters, and we have no means of knowing that this defendant is not one of them. Therefore the complaint cannot be sustained under that section.

The serious question, however, and the only one presented by the allegations of the complaint, is whether the plaintiff set out a cause of action under section 104 of the railroad law (Laws 1890, c. 565; Rev. St. [Banks' 9th Ed.] p. 1308). If we read that section in connection with the neighboring sections of the railroad law, it is quite difficult to say to just what contract the section itself applies. More than one contract is spoken of in the section immediately preceding, but none of them seem to apply to the contract spoken of in this section; but when we recollect that section 104 was adopted into the railroad law from chapter 305 of the Laws of 1885, and that the railroad law was a compilation of the other existing laws of the state, it is not difficult to ascertain that the section refers to the contract mentioned in section 78 of the railroad law, although that is in another title, and under another heading. Section 78 authorizes any railroad corporation, or any corporation owning or operating a railroad in the state, to contract with any other corporation for the use of their respective roads or any part thereof. In that respect it is a re-enactment of chapter 305, which by its terms was limited to street surface railroads. Section 104 of the railroad law, which evidently refers to section 78, and is a re-enactment of section 4 of the same chapter of the Laws of 1885, provides that every such corporation entering into such contract shall carry between any two points on the railroads, or the portions thereof embraced in such contract, any person desiring to make one continuous trip between such points, for one single fare, and shall, upon demand, and without extra charge, give to such passenger a transfer, etc. It is stated in the section that its object is "that the public convenience may be promoted by the operation of the railroads embraced within such contract to the extent of their inclusion therein, substantially, as a single railroad, with a single rate of fare." So it will be seen that

the question presented in this case is, what railroads are embraced within the contract? Strictly speaking, when one railroad leases the road of another, the only road embraced in the contract is the one leased; but, as the power to lease is derived from the authority given to one railroad corporation operating or owning a railroad to contract with another such corporation for the use of their respective roads, it is necessarily to be inferred that the roads embraced within that contract are the roads operated or leased by the two roads between whom the contract is made. But the roads embraced within the contract can only be those operated by the contracting companies at the time the contract is made. While the statute is to be liberally construed, as has been held in the case of Jenkins v. Railroad Co., 29 App. Div. 10, 51 N. Y. Supp. 216, yet it puts upon the railroad companies no duty, except with respect to the roads which are embraced within the contract. Clearly, if either of the companies afterwards secures from another company the use of its road, that road cannot be said to be embraced within a contract theretofore made by the leasing company with another company which is no party to the second contract; and therefore when it appears, as it does here, that the defendant at the time it acquired the Second Avenue road did not operate the Manhattan Branch, it cannot be said that that branch to which the plaintiff asked to be transferred was one which was embraced in the contract which had been made by the defendant with the Second Avenue Railroad Company several months before it came to operate the Manhattan Branch.

We think, therefore, that the conclusion of the court which was reported in the forty-eighth volume of the Appellate Division Reports, at page 62, 62 N. Y. Supp. 580, was correct, and the judgment of the court below should be reversed, and the demurrer sustained, with costs, with leave to the plaintiff to amend his complaint upon payment of the costs in this court and in the court below. All concur; McLAUGHLIN, J., in result.